IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Brett Burkitt,                       :

    Plaintiff,                   :

 v.                                  :       Case No.  2:07-cv-44

                                                        :       Magistrate Judge Kemp
NS Magill, et al.,

    Defendants.                  :

ORDER

    On June 24, 2009, defendants filed a motion to dismiss this case for failure to prosecute.  The motion recites that plaintiff has not responded to written discovery or a request to take his deposition, that his counsel is unable to contact him, and that his actions have made it difficult for them to prepare their defense.  The Court notes that plaintiff's counsel has been allowed to withdraw for essentially the same reasons, and that plaintiff has not provided the Court with an address at which he can be reached.  He has also not responded to the motion to dismiss.

    If the plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed. R. Civ. P. 41(b).  <u>Link v. Wabash R. Co.</u>, 370 U.S. 626 (1962); <u>Boudwin v. Graystone Insurance Co.</u>, 756 F.2d 399 (5th Cir. 1985).  Dismissal for failure to prosecute can occur where, for example, a plaintiff fails to respond to an order directing that he file a brief. <u>Dynes v. Army Air Force Exchange Service</u>, 720 F.2d 1495 (11th Cir. 1983).

Ordinarily, some notice of the court's intention to dismiss for failure to prosecute is required, see Harris v. Callwood, 844 F.2d 1254 (6th Cir. 1988), but that requirement is met if the Court affords a plaintiff a reasonable period of time to comply with orders before the dismissal occurs. Sepia Enterprises, Inc. v. City of Toledo, 462 F.2d 1315 (6th Cir. 1972)(per curiam). Such a dismissal is also appropriate for failure to respond to a summary judgment motion. See Stanley v. Continental Oil Co., 536 F.2d 914 (10th Cir. 1976); see also Lang v. Wyrick, 590 F.2d 257 (8th Cir. 1978).

Here, the plaintiff has clearly lost interest in the case. He has not kept in touch with counsel and has not provided either defendants or the Court with a current address. These failures have made it impossible for the case to be adjudicated in a timely fashion. The length of time which has elapsed without any communication from the plaintiff is a strong indicator of willful behavior. Under these circumstances, dismissal is appropriate.

For the foregoing reasons, defendants' motion to dismiss (#35) is granted. This case is dismissed pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute. The Clerk shall enter a judgment terminating this case.

/s/ Terence P. Kemp
United States Magistrate Judge